The Wolf Law Firm, LLC
1520 U.S. Highway 130, Suite 101
North Brunswick, NJ 08902
(732) 545-7900 – Phone
(732) 545-1030 – Fax
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Nancy A. Toto | Civil Action |
| vs. | |
| Accurate Collection Services | Case No. |
| Defendant. | **COMPLAINT AND JURY DEMAND** |

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages arising from Defendant's violations of § 1692 et seq. of Title 15 of the United States Code, the Fair Debt Collection Practices Act (FDCPA).

## JURISDICTION

2. This Court has jurisdiction over this matter alleging violations of the FDCPA, 15 U.S.C. § 1692 et seq. pursuant to 15 U.S.C. § 1692k(d).

## PARTIES

3. Plaintiff Nancy A. Toto (hereinafter, Hernandez or Plaintiff) resides in Bedminster, New Jersey.

4. Accurate Collection Services (hereinafter, ACS), is a company with a main business address located at 17 Prospect Street, Morristown, New Jersey.

## ALLEGATIONS OF FACT

Plaintiff Nancy A. Toto states for her Complaint as follows:

5. At all times relevant, the principal purpose of ACS was the collection of debts using the mails and telephone.

6. At all times relevant, ACS regularly collected or attempted to collect debts owed or due or asserted to be owed or due another, which debts were incurred primarily for personal, family or household purposes.

7. At all times relevant, ACS used the mail, telephone or other instruments of interstate commerce in its attempts to collect consumer debts owed or due or asserted to be owed or due another.

8. ACS is a "debt collector" within the scope of the definition contained in 15 U.S.C. § 1692a(6) and interpretations thereof.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

10. The debt alleged to be owed by the Plaintiff is a consumer debt.

11. Plaintiff is a consumer as she is a natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

12. On October 27, 2011, an ACS employee who identified herself as "Mrs. Tinny" called Plaintiff's home telephone number and left a message on the voicemail system.

13. Plaintiff Nancy A. Toto resides with her husband and two adult children, all of whom share and have access to the voicemail system on which "Mrs. Tinny" left the October 27, 2011 message.

14. In the October 27, 2011 telephone voicemail message, "Mrs. Tinny" stated that the message was for Nancy Toto.

15. In the October 27, 2011 telephone voicemail message, "Mrs. Tinny" stated that the message was regarding an account at her office, without identifying the account.

16. In the October 27, 2011 telephone message, "Mrs. Tinny" gave a telephone number, requested that Plaintiff return her call.

17. In the October 27, 2011 telephone voicemail message, "Mrs. Tinny" stated that the call was an attempt to collect a debt.

18. In the October 27, 2011 telephone message, "Mrs. Tinny" did not state she was confirming or correcting location information concerning Plaintiff Nancy A. Toto.

19. In the October 27, 2011 telephone message, "Mrs. Tinny" did not state she was calling for ACS.

20. By leaving a voicemail message on a voicemail system shared by Plaintiff and other persons, ACS, through its employee or agent "Mrs. Tinny", engaged in a communication with third parties.

21. By leaving a voicemail message on a voicemail system shared by Plaintiff and other persons, ACS, through its employee or agent "Mrs. Tinny", engaged in a communication with Plaintiff.

22. Prior to the October 27, 2011 telephone voicemail message, Plaintiff had not received any communications from ACS.

23. The October 27, 2011 telephone voicemail message was ACS's initial communication to Plaintiff regarding the debt.

24. After the October 27, 2011 telephone voicemail message, Plaintiff did not receive any written or telephonic communications from ASC until November 10, 2011.

25. ASC did not send a written validation notice within five days of its initial communication with Plaintiff.

## COUNT I:
## Fair Debt Collection Practices Act Violations
## Relating to Defendant's October 27, 2010 Telephone Voicemail Message

26. 15 U.S.C. §1692c(b) prohibits debt collectors from communicating with third parties regarding the alleged debt "except as provided in [15 U.S.C.] §1692b."

27. 15 U.S.C. §1692b permits debt collectors to communicate with third parties for the limited purpose of acquiring location information about the debt, and imposes strict requirements and restrictions on such communications.

28. ACS violated 15 U.S.C. §1692c(b) and §1692b in numerous respects in its October 27, 2010 voice message left on the voicemail shared by Plaintiff's adult children, Plaintiff's husband, and Plaintiff.

29. ACS, through its employee or agent "Mrs. Tinny", violated 15 U.S.C. § 1692b(1) by failing to state that she was confirming or correcting location information concerning the Plaintiff.

30. ACS, through its employee or agent "Mrs. Tinny", violated 15 U.S.C. § 1692b(2) by stating that she was calling to collect a debt from Plaintiff.

31. ACS, through its employee or agent "Mrs. Tinny", violated 15 U.S.C. § 1692c(b) by making a communication to parties other than Plaintiff for a purpose other than confirming or correcting location information.

32. Additionally, ACS, through its employee or agent "Mrs. Tinny" violated 15 U.S.C. §1692d(6) by failing to meaningfully identify herself or her employer.

33. Plaintiff suffered damages as a result of the foregoing FDCPA violations.

## COUNT II:

## Fair Debt Collection Practices Act Violations

### Relating to Defendant's Failure to Provide a Validation Notice Within Five Days of Initial Communication

34. 15 U.S.C. §1692g(a) requires the debt collector to send a written notice to the debtor within five days of the initial communication, informing the consumer of the amount of the alleged debt, the identity of the creditor, and the consumers' rights under the FDCPA to dispute and demand verification of the debt.

35. ACS violated 15 U.S.C. §1692g(a) by failing to send Plaintiff a written validation notice within 5 days of its initial communication with her on October 27, 2010.

36. Plaintiff suffered damages as a result of the foregoing FDCPA violation.

**WHEREFORE**, Plaintiff demands judgment against ACS as follows:

A. For compensatory damages;

B. For maximum statutory damages under the FDCPA (15 U.S.C. § 1692 et seq.);

C. For reasonable attorneys' fees and costs of suit in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

D. For pre-judgment and post-judgment interest; and

E. For such other and further relief as Plaintiff may be entitled or as the Court deems equitable and just

## JURY DEMAND

Plaintiff demands a trial by jury on all issues subject to trial.

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify pursuant to Local Civil Rule 11.2 that this matter in controversy is not the subject of any other action pending in any court, arbitration or administrative proceeding.

                                             s/ Henry P. Wolfe  
                                             Henry P. Wolfe  
                                             The Wolf Law Firm, LLC  
                                             Attorneys for Plaintiff

Dated: October 26, 2011